**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

KEVIN HOURIHAN,

               Plaintiff,

v.                                           Case No:  6:11-cv-1899-Orl-36GJK

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

_____/

## ORDER

This cause comes before the Court upon Plaintiff Kevin Hourihan's ("Plaintiff") Complaint for review of the final decision of the Commissioner of Social Security ("Commissioner") denying Social Security Disability benefits to Plaintiff.  Doc.1. Magistrate Judge Gregory J. Kelly has submitted a Report and Recommendation, recommending that the Court reverse the Commissioner's decision and remand the case pursuant to sentence four of 42 U.S.C. § 405(g).  Doc. 21.

After an independent *de novo* review of the record, including the Commissioner's Objection (Doc. 22) and Plaintiff's Response to the Commissioner's Objection (Doc. 23), the Court agrees with the findings of fact and conclusions of law in the Report and Recommendation.

## I.    BACKGROUND

On March 22, 2006, Plaintiff filed his Application for disability benefits with the Social Security Administration ("Application").  R. 236-38.  Plaintiff's Application was denied initially and upon reconsideration.  R. 128-31.

On April 8, 2008, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), at which Plaintiff and a vocational expert ("VE") testified.  R. 83-127.  The ALJ found that Plaintiff suffered from severe impairments, including bipolar disorder, coronary artery disease, and spine disorder.  R. 137.  The ALJ found that Plaintiff had residual functional capacity ("RFC") to perform light work with certain limitations.  R. 141.  Based upon the VE's testimony, the ALJ found that Plaintiff could work as a hand glove cleaner, addresser, alarm mechanism adjuster and convex grinder operator.  R. 144.

On September 22, 2008, the Appeals Council vacated the ALJ's decision, finding that the ALJ did not adequately evaluate Plaintiff's suicide attempts and ongoing suicidal thoughts, and their effect on his RFC.  R. 147.  On February 15, 2011, the ALJ conducted another hearing where Plaintiff, Dr. Hamrick, and a VE testified.[1]  R. 36-81.  The ALJ found that Plaintiff last met the Social Security insured status requirements on December 31, 2008.  R-16.  The ALJ found that Plaintiff suffered from borderline personality disorder, bipolar disorder, schizotypal personality disorder, spine disorders, and drug and alcohol abuse.  *Id.*  The ALJ concluded that Plaintiff's combination of impairments did not meet one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  R. 17.  The ALJ found that Plaintiff has a mild restriction in performing daily activities, and concluded that Plaintiff could perform less than light work with certain restrictions.  R. 19; *see* Doc. 21, p. 12.  The ALJ explained that he gave Dr. Hamrick's opinion greater weight because it was consistent with Plaintiff's reported activities, and "less weight" to treating physician Dr. Oh's opinion because it was "inconsistent with the overall evidence of record, including his own treatment notes and the claimant's statements regarding

---

[1] The Report and Recommendation summarizes the Plaintiff's, Dr. Hamrick's, and the VE's testimony at the February 15, 2011 hearing.  *See* Doc. 21, pp.10-12.

his daily functioning."  R. 24.  Relying upon the VE's testimony, the ALJ concluded that Plaintiff could work as an assembler, table worker, housekeeper and call out operator.  R. 28.

Upon review of the expert testimony and administrative record, Magistrate Judge Kelly made the following findings: (1) the ALJ failed to articulate good cause for giving Dr. Oh's opinion "less weight"; (2) because Dr. Hamrick's finding cannot support the ALJ's limitation to simple tasks, the ALJ's hypothetical limiting Plaintiff to simple tasks did not account for Plaintiff's limitations in concentration, persistence or pace; (3) the ALJ's failure to specifically mention Plaintiff's Global Assessment of Functioning ("GAF") scores or to state that Plaintiff could work full time is not reversible error; and (4) the ALJ's finding that Plaintiff is not credible is supported by reliable evidence.  Doc. 21, pp. 18-24.  Given his finding that the ALJ failed to articulate good cause for giving Dr. Oh's opinion little weight, Magistrate Judge Kelly recommends reversing the Commissioner's decision and remanding to the ALJ to make further findings pursuant to sentence four of 42 U.S.C. § 405(g).[2]  Also, Judge Kelly recommends that, on remand, the ALJ pose a hypothetical question to the VE specifically accounting for Plaintiff's moderate limitations in concentration, persistence or pace.  *Id.* at 24.

On December 19, 2012, the Commissioner filed an Objection, objecting to findings (1) and (2) listed above, and arguing that substantial evidence supports the ALJ's determination that Plaintiff was not disabled during the relevant period.  Doc. 22, pp. 2-5.

## II.   LEGAL STANDARDS

### A.  Review of a Report and Recommendation

---

[2] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.*

### B.  Review of the Commissioner's Decision

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards. *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Id.* Where the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. 42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("If the Commissioner's decision is supported by substantial evidence, we must affirm, even if the proof preponderates against it."). The reviewing court "'may not decide the facts anew, reweigh the evidence, or substitute [its own] judgment for that of the [Commissioner].'" *Barnhart*, 357 F.3d at 1240 n.8.

4

### C.  An ALJ's Five Step Disability Analysis

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.   20 C.F.R. §§ 404.1520(a), 416.920(a).   When making a disability determination, the ALJ follows this evaluation process: (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment; (3) whether the severe impairment meets or exceeds an impairment in the listings; (4) whether the Plaintiff can perform his past relevant work; and (5) whether Plaintiff can perform other jobs that exist in the national economy.  *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The Plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step.  *Wright*, 327 F. App'x at 137.   If it is determined at any step in the analysis that the claimant is not disabled, the evaluation does not proceed.  *Id.*

### III.   ANALYSIS

### A.  Commissioner's Objection

In its Objection, the Commissioner disagrees that the ALJ relied upon conclusory statements to establish an inconsistency between the record evidence and Dr. Oh's finding that Plaintiff suffered from severe mental limitations.   Doc. 22, p. 2 (citing *Barnhart*, 357 F.3d at 1240-41) (an ALJ may properly discount a treating source's opinion that is inconsistent with the medical evidence or otherwise lacks support in the record)).   To the contrary, the Commissioner argues that the ALJ identified substantial record evidence to support discounting Dr. Oh's opinion, noting several instances in the administrative record wherein the ALJ notes Dr. Oh's progress notes, finding that Plaintiff was performing well and had only mild depression.  *Id.* (citing R–22, 565, 625, 627, 644-48, 673, 675).   Also, the Commissioner notes that the ALJ

discussed the testimony of Dr. Hamrick, a non-examining consultant, who, upon observing the variation in Plaintiff's symptoms, found that he did not have more than a moderate limitation in function.  R-24.  Third, contrary to the Magistrate Judge's finding, the Commissioner argues that the ALJ's hypothetical to the VE was sufficient.  Doc. 22, p. 4 (citing *Crawford,* 363 F.3d at 1161 ("the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported")).

In his Response, Plaintiff maintains that the Magistrate Judge correctly found that the ALJ's reasons for rejecting Dr. Oh's opinion are inadequate and not supported by substantial evidence.  Doc. 23, p. 2.  Furthermore, Plaintiff argues that the Commissioner's citation to Dr. Oh's treatment notes, which are not cited by the ALJ, is an improper post hoc justification for Dr. Oh's opinion.  *Id.* (citing *Baker v. Comm'r of Soc. Sec.*, 384 Fed. Appx. 893, 896 (11th Cir. 2010) ("[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order.")).

### B.  Court's review of the record

The opinions and findings of physicians is an important part in the sequential process for determining disability of a Social Security claimant.  Recently, the Eleventh Circuit clarified that when a physician offers a statement reflecting judgment about the severity of a claimant's impairments or restrictions, the ALJ is required to state with particularity the weight given to it and the reasons therefor.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011).  Indeed, "[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."  *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

Absent good cause, the opinions of treating physicians must be accorded substantial weight.[3]
*Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir. 1988).  The required "good cause" exists when the
"(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a
contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the
doctor's own medical records."  *Barnhart*, 357 F.3d at 1240-41; *Johnson v. Barnhart*, 138 F.
Appx. 266, 269 (11th Cir. 2005).

Upon consideration, the Court agrees with the Magistrate Judge that the Commissioner
has not demonstrated the requisite good cause for not affording the only treating physician's
opinion substantial weight.  Doc. 21, pp. 20-21; *see Winschel*, 631 F.3d at 1179; *Johnson*, 138
Fed. Appx. at 269.  In its decision, the ALJ states:

> Dr. Oh's opinion is given less weight because it is inconsistent with the overall
> evidence of record, including his own treatment notes and the claimant's
> statement regarding his daily functioning. Mental status examinations conducted
> by Dr. Oh fail to show the significant clinical abnormalities one would expect if
> the claimant in fact had marked impairments in functioning.

R-24.  First, the Magistrate Judge found two instances where the ALJ clearly relied upon Dr.
Hamrick's testimony that Dr. Oh's opinion should not be given substantial weight.  Doc. 21, pp.
20-21; *see* R-73 (Dr. Hamrick testified that Dr. Oh's narrative notes do not support the level of
impairment he indicated and that the record as a whole does not support the severity of
limitations Dr. Oh marked for the RFC).  However, it is clear that "[t]he opinion of a non-
examining physician does not establish the good cause necessary to reject the opinion of a
treating physician." *Johnson*, 138 F. Appx. at 269.  Second, Dr. Hamrick's statement that the
record is inconsistent with Dr. Oh's findings is itself conclusory and not supported by specific
facts.  *See* R-23-24.  Indeed, the opinions of a non-examining physician do not constitute

---

[3] The opinion of an examining physician is generally entitled to more weight than the opinion of
a non-examining physician. *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985).

substantial evidence when standing alone. *Spencer ex. el. Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). Also, the opinions or findings of a non-examining physician are entitled to little weight when they contradict the findings of a treating physician. *Lamb*, 847 F.2d at 703. Therefore, Dr. Hamrick's comments about Dr. Oh's findings are not good cause to discount Dr. Oh's opinions.

Third, several courts have found that stating that a doctor's opinions are conclusory and inconsistent with the record, without more, does not provide the good cause required to afford them little consideration. *See Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012) (ALJ did not articulate good cause for rejecting the consultative examining doctor's opinion where the ALJ conclusorily stated that the consultative examining doctor's opinion was inconsistent with the record); *Rosario v. Comm'r of Soc. Sec.*, 2012 WL 2589350, *14 (M.D. Fla. 2012) (reversing the ALJ's decision where the ALJ gave medical opinions less than controlling weight based on the conclusion, without more, that they were inconsistent with their own exam records). In *Kahle*, the testimony at issue was, similarly, from the only examining physician to offer an opinion regarding claimant's physical limitations. 845 F. Supp. at 1266. In rejecting that testimony, the ALJ merely concluded that it was inconsistent with the evidence of record, including the claimant's own statements about his daily living. *Id.* at 1272. Here, the ALJ concluded that the testimony of Dr. Oh, the only treating physician, would be afforded less weight because it was inconsistent with the record as a whole and Plaintiff's own testimony. R-24. Similarly, in *Rosario*, the ALJ failed to specify the exact weight afforded the treating physicians' opinions and why, as required by *Winschel*. 2012 WL 2589350 at *14. As here, the ALJ in *Rosario* found that the opinions of three doctors were "inconsistent with the evidence as a whole", and the Court found that conclusion to be inadequate. 2012 WL 2589350 at *14.

Finally, the Court is not persuaded by the Commissioner's argument that the ALJ did identify substantial record evidence to support discounting Dr. Oh's finding.  Doc. 22, pp. 2-3. First, as discussed, Dr. Hamrick's opinions about Dr. Oh's findings are entitled to little weight and are not good cause.  *See Johnson*, 138 F. Appx. at 269; *Lamb*, 847 F.2d at 703.   Indeed, as the Commissioner argues, in May 2007, Dr. Oh noted that Plaintiff was "less depressed" and in both September and October of 2007, while noting psychiatric symptoms, he opined that Plaintiff was "doing well".  *Id.*  In March 2008, Dr. Oh diagnosed mild depression, and from February through November 2010, Dr. Oh reported that Plaintiff had no suicidal ideation and only mild depression.  *Id.*  However, while the ALJ could have identified which of Dr. Oh's own records contradicted his findings and provided the good cause required to disregard his opinion, it did not do so.  Accordingly, the Court will not consider post hoc justification for the ALJ's decision to discount his recommendation.  *See Baker*, 384 Fed. Appx. at 896 ("[i]f an action is to be upheld, it must be upheld on the same bases articulated in the agency's order.").  Indeed, the Magistrate Judge appropriately found that the "ALJ failed to articulate good cause for giving Dr. Oh's opinions 'less weight'".  Doc. 21, p. 21.

Therefore, the Court agrees with the Magistrate Judge's recommendation that the Commissioner's decision denying Plaintiff's Application be reversed.  Also, given the ALJ disregarded Dr. Oh's conclusion without good cause, the Court agrees that the ALJ's hypothetical limiting Plaintiff to simple tasks did not account for Plaintiff's limitations in concentration, persistence or pace.  *Id.* at 22; *Winschel*, 631 F.3d at 1180.[4]  While the Eleventh

---

[4] On March 5, 2012, Plaintiff submitted a Notice of Supplemental Authority, attaching a recent decision construing *Winschel*.  Doc. 24, p. 1 (*Sheri Ann Hommell v. Commissioner of Social Security*, Case No. 6:12-cv-102).  The Court notes that this recent case, although evaluating the sufficiency of a hypothetical, does not address the particular issue in this case, of whether or not the ALJ provided adequate explanation for discounting the opinion of Dr. Oh.

Circuit does not require the hypothetical to the VE to explicitly state the Plaintiff's limitations in concentration, persistence or pace when these limitations are implicitly accounted for in the medical record, here the ALJ did not articulate good cause for giving Dr. Oh's opinions little weight and thus the hypothetical was insufficient.  On remand, the ALJ is required to pose a hypothetical question to the VE that specifically accounts for Plaintiff's moderate limitations in concentration, persistence or pace.

Accordingly, it is now **ORDERED and ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 21) is **ADOPTED, CONFIRMED and APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

2. The Decision of the Commissioner of Social Security is **REVERSED and REMANDED**, pursuant to sentence four of Section 405(g) for further proceedings.

3. The Clerk is directed to enter judgment in favor of Plaintiff and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 20, 2013.

Charlene Edwards Honeywell
United States District Judge

**Copies furnished to:**
Counsel of Record
Unrepresented Parties
U.S. Magistrate Judge Gregory J. Kelly